FILED
8/31/2021 9:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

DC-21-12105

| | | |
|---|---|---|
| **ADAM OLIVER,** | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| VS. | § § | |
| | § | DALLAS COUNTY, TEXAS |
| **BRADLEY CAUGHRON; AND KMB SECURITY, LLC,** | § § § | |
| | § § | 193rd _____ JUDICIAL DISTRICT |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Adam Oliver files Plaintiff's Original Petition complaining of Defendants Bradley Caughron and KMB Security, LLC.

### I.    DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.    RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.  PARTIES

Plaintiff Adam Oliver is an individual resident of Dallas, Dallas County, Texas. His driver's license number is *****869 and his social security number is ***-**-*314.

Defendant Bradley Caughron is an individual resident of Oregon, Koshkonog County, Missouri and may be served with process at 113 Forest Street, Koshkonog, Missouri, 65692-9104.

Defendant KMB Security, LLC is a corporation doing business in Republic, Greene County, Missouri and may be served with process by serving its registered agent Monica Bestol at 1126 N. Northwood Avenue, Republic, MO 65738.

### IV.     JURISDICTION AND VENUE

Venue is proper in Dallas County under TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 15.002(A) because the incident complained of herein occurred in Dallas County, Texas.

The Court has subject-matter jurisdiction over this matter because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### V.     FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Monday, September 16, 2020 at or near LBJ Highway in Dallas, Dallas County, Texas. Defendant Bradley Caughron failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

### VI.     CAUSES OF ACTION

**A.     NEGLIGENCE - DEFENDANT BRADLEY CAUGHRON**

At the time of the motor vehicle collision, Bradley Caughron was operating his commercial vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his commercial vehicle reasonably and prudently. Defendant

breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3. Defendant failed to timely apply the brakes of his commercial vehicle in order to avoid the collision in question;

4. Defendant failed to operate his commercial vehicle at a safe speed;

5. Defendant failed to turn his vehicle in an effort to avoid the collision; and

6. Defendant failed to have or apply all his mental faculties because he was distracted by cell phone usage.

**B.   GROSS NEGLIGENCE - CELL PHONE USE OF DEFENDANT BRADLEY CAUGHRON**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.  Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time ofthe collision.

**C.   RESPONDEAT SUPERIOR – DEFENDANT KMB SECURITY, LLC**

Additionally, Plaintiffs would show that at the time and on the occasion complained of, Defendant Caughron was in the course and scope of his employment

with Defendant KMB Security, LLC. thereby making the Defendant KMB Security, LLC. liable under the doctrine of *Respondeat Superior*.

**D.    NEGLIGENCE – DEFENDANT KMB SECURITY, LLC**

The independent conduct of Defendant KMB Security, LLC. constitutes negligence as the term is known in law. Such negligent acts or omissions include, but are not limited to the following:

a. Hiring and/or retaining Defendant Caughron, whom it knew or should have known was a reckless or incompetent driver'

b. Entrusting Defendant Caughron to drive a vehicle on their behalf, whom they knew or should have known was a reckless or incompetent driver;

c. Failing to properly train Defendant Caughron in the safe operation of a motor vehicle when making deliveries; and/or

d. Failing to properly supervise Defendant Caughron's driving activities.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

**VII.    DAMAGES**

As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Plaintiff's property damage and loss of use of Plaintiff's vehicle;

    d.       Plaintiff's disfigurement;

    e.       Physical pain and suffering in the past and future;

    f.       Mental anguish in the past and future; and

    g.       Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANT'S DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discoveryagainst the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX.  RESERVATION OF RIGHTS

The above allegations against Defendants are made acknowledging that investigation and discovery, although undertaken to the extent possible to date, are continuing in this matter. As further investigation and discovery are conducted, additional facts may be uncovered that necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case, should the evidence show that be necessary. The right to do so, under Texas law, is expressly reserved.

## X. DUTY TO DISCLOSE

Pursuant to Texas Rule of Civil Procedure 194.1, Defendants are required to provide the information or material described in Rule 194.2, 194.3 and 194.4 without awaiting discovery request from Plaintiffs.

## XI.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XII.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the

U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIII.   RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recovers judgment against Defendant for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's disfigurement;

6. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiff's damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Andrew Kumar*
Andrew Kumar

andrew@kumarfirm.com
State Bar No. 24075913
Pulkit Moudgil
pulkit@kumarfirm.com
State Bar No. 24102254
AK LAW FIRM
3501 Allen Parkway
Houston, Texas 77019
P: (832) 699-5559
F: (832) 681-7333
Texas Bar No. 24075913
E-Service: Service@KumarFirm.com
ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S ORIGINAL PETITION - PAGE 7